## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.

OSCAR ROBERTO CELASCO, GSSC,
SP, GSSC HOLDINGS LTD.,
CENTRICA INVESTMENT CAPITAL,
INC., MESOAMERICA ACRE FARMS,
INC., GSS CAPITAL LTD., and
WESTWOOD HOLDING INC.,

      Petitioners,

v.

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED,

      Respondent.
_____

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 & 1446, Respondent, Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), hereby gives notice of removal of this action, captioned *Oscar Roberto Celasco et al. v. Merrill Lynch*, bearing case number 19-003239 CA 01, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.   Pursuant to 28 U.S.C. § 1446(a), Merrill Lynch provides the following statement of the grounds for removal:

## BACKGROUND FACTS PERTINENT TO REMOVAL

1. This action arises from an arbitration ("the arbitration") the Petitioners (collectively "Celasco") commenced in 2016 against Merrill Lynch.

2. Celasco commenced the arbitration by filing a statement of claim directly with the Financial Industry Regulatory Authority Office of Dispute Resolution ("FINRA").

3. A panel of three arbitrators, unanimously, issued a final award in the arbitration on January 8, 2019.

4. On January 31, 2019, Celasco filed a Petition to Vacate the arbitration award in Circuit Court for Miami-Dade County.

5. There have been no prior judicial proceedings between Celasco and Merrill Lynch.

## VENUE AND JURISDICTION

**A.    Venue**

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 89, 1391, 1441(a), and 1446(a) because the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the Amended Complaint was filed, is a state court within the Southern District of Florida.

**B.     Diversity Jurisdiction.**

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Celasco and Merrill Lynch and the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.     Merrill Lynch is a Delaware corporation with its principle place of business in New York.   Petition ("Pet.") ¶ 8.

9.     Oscar Roberto Celasco, GSSC SP, GSSC Holdings, Ltd., Mesoamerica Acre Farms, Inc., Centrica Investment Capital, Inc., and GSS Capital Group Ltd. are all citizens of foreign countries.   Pet. ¶¶ 1-5, 7.

10.     Westwood Holding Inc. ("Westwood") was at one point a Delaware corporation, alleged to have a principle place of business in Delaware.   Pet. ¶ 6.   However, Westwood has not filed an annual report or paid taxes since 2011.   *See Declaration of Daniel J. Ball* ("Ball Decl.") attached as Exhibit 1, at Ex. A.   Westwood's registration as a Delaware corporation was voided in March 2014 for non-filing of annual reports and non-payment of taxes.   *Id.*   It has not been reconstituted.

11.     Westwood at one point had a Merrill Lynch brokerage account.   However, that brokerage account was closed in June 2013.   Ball Decl. Ex. B.

12.     Accordingly, on information and belief, Westwood ceased to exist no later than June 2013 and therefore is not treated as a juridical person, or citizen of Delaware, for purposes of diversity jurisdiction.   *See* Del. Code Ann. tit. 8, § 278 (West).

13.     Thus, all of the Petitioners are citizens of a foreign state.   Merrill Lynch is a citizen of Delaware and New York, so complete diversity exists.

14.     Celasco alleges damages of $8,000,000.   Pet. ¶ 18.

### C. Federal Question Jurisdiction.

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the underlying arbitration explicitly includes claims arising under the Investment Advisers Act of 1940, 15 USC § 80b-1 *et seq.*

16. At the time of the arbitration final hearing and award, the operative pleading was Celasco's Amended Statement of Claim (the "ASOC").

17. The ASOC included six enumerated "counts." Count IV alleged that Merrill Lynch had "willfully violated Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. § 80b-6(1), (2)]." Ball Decl. Ex. C at ¶ 62 (brackets in original). Count V alleged that Merrill Lynch had willfully violated Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 204A-1 [17 C.F.R. § 275.204A-1]." Ball Decl. Ex. C at ¶ 66 (brackets in original).

18. The Supreme Court has held that, under the Federal Arbitration Act, "A federal court may 'look through' a [9 U.S.C.] § 4 petition [to compel arbitration] to determine whether it is predicated on an action that 'arises under' federal law; in keeping with the well-pleaded complaint rule as amplified in [*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002)]." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009).

19. The majority rule following *Vaden* is that "look through" jurisdiction also applies in petitions to vacate and/or confirm arbitration awards, which arise under 9 U.S.C. §§ 10, 11. *See McCormick v. Am. Online, Inc.*, 909 F.3d 677, 682 (4th Cir. 2018) ("[I]f the district court would have jurisdiction over a § 4 petition, were one to be filed, it has jurisdiction over § 10 and § 11 motions, even if a § 4 petition has not been filed."); *accord Ortiz-Espinosa v. BBVA Securities of Puerto Rico, Inc.*, 852 F.3d 36 (1st Cir, 2017); *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 388 (2d Cir. 2016). A minority of courts have made contrary holdings. *See*

3

*Magruder v. Fid. Brokerage Servs. LLC*, 818 F.3d 285, 288 (7th Cir. 2016); *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 255 (3d Cir. 2016).   Merrill Lynch has not identified any Eleventh Circuit cases on point.

20.   For the reasons stated in *McCormick*, 909 F.3d at 682, the better reading of *Vaden* is that "look through" jurisdiction applies on a motion to vacate or confirm an arbitration award to the same extent as on a motion to compel arbitration.

21.   Since Celasco's "underlying claim arises out of alleged violations of . . . a federal statute and . . . his claim could, absent the arbitration agreement, be litigated in federal court under its federal-question jurisdiction, controversies regarding the arbitration of his claim—particularly his motion [to vacate the award]—should likewise be resolved in federal court." *McCormick*, 909 F.3d at 684.

### ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

**A.   Timeliness.**

22.   This Notice of Removal is timely filed within thirty days after service was effected on Merrill Lynch, which was on February 12, 2019.   Ball Decl. Ex. D.   *See* 28 U.S.C. § 1446(b)(1).

**B.   Sole Respondent.**

23.   Merrill Lynch is the sole Respondent.

**C.   State Court Papers.**

24.   Under 28 U.S.C. § 1446(a), with this Notice, Respondent is simultaneously filing copies of all process, pleadings, and orders existing on file in the state court in this removed action.   Copies of these removal documents are attached to this Notice of Removal at Exhibit 2.   Further, under 28 U.S.C. § 1446(d), Respondent will file on even date a true and correct copy of

4

this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.   A copy of the Notice of Filing Notice of Removal, without attachments, is attached hereto as Exhibit 3.

## CONCLUSION

WHEREFORE, Merrill Lynch hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

Dated this 1st day of March, 2019.                    Respectfully submitted,

*/s/ Robert M. Brochin*
Robert M. Brochin
Florida Bar No. 319661
Email:   bobby.brochin@morganlewis.com
Sagiv Y. Edelman
Florida Bar No. 126440
Email:   sagiv.edelman@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Telephone: 305.415.3330
Facsimile: 877.432.9652

Jeff Goldman*
Email: jeff.goldman@morganlewis.com
Daniel Ball*
Email: daniel.ball@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Telephone: 617-951-8941

*Counsel for Merrill Lynch*
*\*Additional counsel who will seek pro hac vice admission*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2019, I electronically filed the foregoing document through the electronic filing system. I will additionally arrange for a copy of this Notice of Removal to be sent by US Mail and email to counsel of record for Celasco.

*/s/ Robert M. Brochin*
Robert M. Brochin

## SERVICE LIST

Matthew L. Jones
JONES & ADAMS. P.A.
999 Ponce de Leon Blvd.
Suite 925
Coral Gables, FL 33134
305-270-8858

*Counsel for Petitioners*

DB1/ 102567187.1