**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.   1:19-cv-20818-UU

OSCAR ROBERTO CELASCO, GSSC,
SP, GSSC HOLDINGS LTD.,
CENTRICA INVESTMENT CAPITAL,
INC., MESOAMERICA ACRE FARMS,
INC., and GSS CAPITAL LTD.,

                Petitioners /
                Cross-Respondents,

WESTWOOD HOLDING INC.,

                Nominal
                Petitioner,

v.

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED,

                Respondent /
                Cross-Petitioner,

JOHN A. FLASCO,

                Cross-Petitioner.

_____/

**MERRILL LYNCH'S MOTION FOR ATTORNEYS' FEES AND COSTS AND**
**INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

## <u>TABLE OF CONTENTS</u>

**Page(s)**

FACTS ........................................................................................................................... 1

ARGUMENT .................................................................................................................. 2

I.      MERRILL LYNCH IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES ............. 2

II.     MERRILL LYNCH'S REQUEST FOR FEES IS REASONABLE ................................. 5

        A.      The Proposed Hourly Rate Is Reasonable. ................................................ 5

        B.      The Proposed Time Charges Are Reasonable. ........................................... 6

III.    MERRILL LYNCH IS ENTITLED TO RECOVER COSTS INCURRED IN
        OPPOSING THE MOTION TO VACATE ...................................................................... 7

IV.     ADDITIONAL INFORMATION PURSUANT TO LOCAL RULE 7.3. ....................... 8

CONCLUSION ............................................................................................................... 9

Case 1:19-cv-20818-UU   Document 39   Entered on FLSD Docket 09/13/2019   Page 3 of 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACLU of Georgia v. Barnes*,
    168 F.3d 423 (11th Cir. 1999) ......................................................................................6

*Astanza Design, LLC v. Giemme Stile, S.p.A.*,
    220 F. Supp. 3d 641 (M.D.N.C. 2016) ..........................................................................3

*B.L. Harbet Int'l, LLC v. Hercules Steel Co.*,
    441 F.3d 905 (11th Cir. 2006) ......................................................................................1

*Commercial Refrigeration, Inc. v. Layton Const. Co.*,
    319 F. Supp. 2d 1267 (D. Utah 2004) ...........................................................................3

*Duncombe v. Ameriprise Fin. Servs., Inc.*,
    No. 18-CV-6121 (S.D.N.Y. Jan. 18, 2019) (Preska, J.) ................................................4

*Gay v. Brencorp, Inc.*,
    No. 3:09-cv-1002-J-JBT, 2013 WL 2683156 (M.D. Fla. June 11, 2013) ....................6

*Global Horizons Inc. v. Del Monte Fresh Produce N.A., Inc.*,
    No. 06-cv-22315, 2009 WL 855970 (S.D. Fla. Mar. 31, 2009) ...................................6

*Hamilton Grp. Funding, Inc. v. Basel*,
    No. 16-61145-CIV-ZLOCH, 2019 WL 3753668 (S.D. Fla. Aug. 6, 2019) ..................6

*Loranger v. Stierheim*,
    10 F.3d 776 (11th Cir. 1994) ........................................................................................5

*Norman v. Housing Auth. of City of Montgomery*,
    836 F.2d 1292 (11th Cir. 1988) ....................................................................................5

*RONCO Consulting Corp. v. Leading Edge Ventures*,
    LLC, No. PWG-17-305, 2018 WL 4095474 (D. Md. Aug. 28, 2018) ........................3

*Zunde v. International Paper Co.*,
    No. 3:98CV439-J-20B, 2000 WL 1763843 (M.D. Fla. July 20, 2000) .......................7

**Statutes**

Fla. Stat § 682.15(3) (2013) ..................................................................................................2, 7

To promote the finality of arbitration decisions and to "discourage all but the most meritorious challenges of arbitration awards,"[1] the Florida Revised Arbitration Code authorizes courts to award costs and attorneys' fees.  The motion to vacate in this case was anything but "meritorious."  As explained below, because an award of costs and fees is authorized by statute and warranted in these circumstances, and because the requested fees and costs reasonably represent the unavoidable costs caused by Celasco's ill-conceived motion to vacate, Respondent / Cross-Petitioner Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") respectfully requests that the Court order Petitioner to reimburse Merrill Lynch $27,300 in attorneys' fees and $669.64 in costs.

## FACTS

After losing his arbitration claims against Merrill Lynch, Oscar Roberto Celasco, on behalf of himself and several pseudonymous entities (collectively, "Celasco") filed a "long-shot," "poor loser" motion to vacate.  *See B.L. Harbet Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 907 (11th Cir. 2006).  As to the law, the motion was based on faulty premises that another U.S. District Court had already rejected in a nearly identical case.  As to the facts, Celasco twice obfuscated critical elements of the hearing record.  First, the motion to vacate failed to mention that Celasco had expressly "accept[ed] the panel" on the first day of the arbitration hearing.  Second, in opposing summary judgment, Celasco asserted that he had not been given the opportunity to preserve objections at the close of the hearing (and before the arbitrators' decision dismissing his claims), when in fact he had been expressly invited to do so.  *See Cross-*

---

[1] Uniform Law Commission, Official Notes to Uniform Arbitration Act § 25(c) ("Official Notes").

1

*Petitioners' Reply Memorandum, of Law in Further Support of its Motion for Summary Judgment* ("Cross-Petitioners' Reply"), D.E. 33 at 2.

This Court, adopting the U.S. Magistrate Judge's Report and Recommendation, concluded that Celasco's arguments to vacate were without merit for two reasons. *See* Report and Recommendation, D.E. 35.  First, the Court held that Celasco had waived any objection to the arbitration panel's composition by failing to object at any time prior to receiving the final arbitration award. *Id.* at 12-16.  Next, the Court also held that, even if he had not waived any objection, Celasco had failed to identify any impropriety in the panel's composition. *Id.* at 16.

As permitted by the Revised Florida Arbitration Code, Merrill Lynch is now seeking $27,300 in attorneys' fees and $669.64 in costs unavoidably incurred in order to defeat a motion to vacate that never should have been filed, and that, at a minimum, should have been withdrawn once its futility became obvious.

**ARGUMENT**

**I.      MERRILL LYNCH IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES.**

The Revised Florida Arbitration Code, Fla. Stat § 682.15(3) (2013) ("RFAC"), authorizes courts to award reasonable attorneys' fees and other reasonable expenses of litigation to a prevailing party incurred in opposing a motion to vacate.  The statute gives the Court wide discretion in determining whether to award fees and costs.

The RFAC reflects the Florida Legislature's adoption of the Uniform Arbitration Act ("UAA"), as approved by the National Conference of Uniform State Laws. *See* Business Law Section of the Florida Bar, *Analysis of Proposed Revisions to the Florida Arbitration Code* (2012).  Specifically, § 682.15(3) of the RFAC, which governs the award of fees and costs after an unsuccessful motion to vacate, mirrors § 25(c) of the UAA.  The official notes to § 25(c) instruct that to "promote[] the statutory policy of finality of arbitration awards by adding a

2

provision for recovery of reasonable attorney's fees and reasonable expenses of litigation to prevailing parties in contested judicial actions to confirm, vacate, modify or correct an award." *See* Official Notes.  The notes further state that the intention of the provision is to "discourage all but the most meritorious challenges of arbitration awards." *Id.*

The cases are consistent with the UAA's official notes in awarding fees incurred to defeat weak, "doomed" attempts to vacate arbitration awards.  For example a court in the District of Maryland, applying Florida law, awarded attorneys' fees after rejecting a motion to vacate after observing that the longshot motion to vacate had "undermined the very function of arbitration (mainly the speedy and efficient resolution of disputes)" and "needlessly and expensively protracted the resolution of the[] dispute." *RONCO Consulting Corp. v. Leading Edge Ventures*, LLC, No. PWG-17-305, 2018 WL 4095474, at \*2 (D. Md. Aug. 28, 2018) (awarding roughly $50,000 in attorneys' fees incurred to oppose a motion to vacate); *see also*, *e.g.*, *Astanza Design, LLC v. Giemme Stile, S.p.A.*, 220 F. Supp. 3d 641, 652 (M.D.N.C. 2016) (construing UAA and concluding that fees incurred in defeating a motion to vacate should be awarded regardless of whether the motion to vacate was "unjustified"); *Commercial Refrigeration, Inc. v. Layton Const. Co.*, 319 F. Supp. 2d 1267, 1271, 1272 n. 5 (D. Utah 2004) (awarding fees incurred to oppose "doomed" motion to vacate in light of "the relative strengths of the parties' positions" and the high standard of proof required to overturn an arbitration award, noting "parties would be well-advised to take that standard into consideration before undertaking to persuade a court to vacate an arbitrator's ruling").

Celasco's motion to vacate the arbitration award was precisely the type of "doomed" motion to vacate that the UAA and RFAC intended to discourage.

3

The "relative strengths of the parties' positions" in regard to the enforceability of the arbitration award was not close.  Celasco originally filed the motion without citing a single case in support of his arguments.    What is more, Celasco first ignored and later failed to distinguish a federal district court case—decided before Celasco filed his motion to vacate—rejecting a nearly identical motion, that had raised identical objections concerning the ***very same arbitrator*** that Celasco challenged in this dispute.  *See Memorandum In Support Of Opposition To Petition To Vacate And Cross-Petition To Confirm Arbitration Award*, D.E. 9-2 at 5 (discussing *Duncombe v. Ameriprise Fin. Servs., Inc.*, No. 18-CV-6121 (S.D.N.Y. Jan. 18, 2019) (Preska, J.)).  More fundamentally, Celasco never identified any case where a motion to vacate was granted in similar circumstances.  Meanwhile, Merrill Lynch cited multiple cases directly contrary to Celasco's position, which the Magistrate Judge correctly held were based on facts indistinguishable from those here.

In addition, Celasco did not present any record facts to support his motion.  Consistent with FINRA arbitration rules, the entire arbitration hearing was made into an audio recording, which is the "official record" of the proceeding.  FINRA Code of Arbitration 12606(a)(3) ("the recording is the official record of the proceeding, . . .").  Celasco had free access to those recordings online.  Yet, Celasco's motion and moving papers failed to include any of the record from the proceeding.  Nor did Celasco acknowledge that he expressly accepted the panel's composition, on the record, at the beginning of the hearing.  Worse, Celasco then made assertions directly contrary to the record, arguing that the arbitration panel chair had failed to allow objections at the close of the hearing.  In fact, before closing the hearing, the Chair invited both parties to make any additional objections on the record.  (Celasco stated that he had none.) *See* Cross-Petitioners' Reply at 2.

In summary, Celasco's motion to vacate was brought without regard to the factual record or the relevant law.  Celasco did not withdraw the motion to vacate even when it must have become clear that his arguments were meritless compared to the weight of authority supporting confirmation of the award.  As a result, both the Court and Merrill Lynch spent substantial time and effort addressing a motion to vacate that never should have been filed in the first place.  The UAA provides that Courts may use fee awards to discourage precisely that type of behavior.

## II.      MERRILL LYNCH'S REQUEST FOR FEES IS REASONABLE.

In the Eleventh Circuit, courts evaluate motions for attorneys' fees under the "lodestar" method (a reasonable hourly rate times the number of hours reasonably incurred).  *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In recognition of this rule, Merrill Lynch is not attempting to recover the full measure of its actual costs in opposing Celasco's motion to vacate.  Instead, Merrill Lynch proposes that the Court (1) recognize that a number of the tasks Merrill Lynch's counsel undertook were *unavoidabl*e in opposing a motion to vacate, and (2) allow Merrill Lynch to recover an amount representing the *unavoidable* costs of hiring competent counsel to perform those tasks.

### A.      The Proposed Hourly Rate Is Reasonable.

Merrill Lynch conservatively proposes that it be awarded $350 per hour of legal time that was required in order competently to oppose the motion to vacate.  A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299).  When considering the prevailing market rate, a court may consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.*

5

Here, Merrill Lynch seeks a discounted, blended hourly rate of $350 per hour.  This blended rate is highly reasonable given the prevailing market rate in Southern Florida for legal counsel in substantive corporate litigation.  *See, e.g.*, *Hamilton Grp. Funding, Inc. v. Basel*, No. 16-61145-CIV-ZLOCH, 2019 WL 3753668, at *1 (S.D. Fla. Aug. 6, 2019) (awarding discounted hourly rate of $500 for lead counsel and $351 for counsel as reasonable); *Gay v. Brencorp, Inc.*, No. 3:09-cv-1002-J-JBT, 2013 WL 2683156, at *2 (M.D. Fla. June 11, 2013) (awarding reduced blended hourly rates of $300 for lead counsel and $200 for counsel); *Global Horizons Inc. v. Del Monte Fresh Produce N.A., Inc.*, No. 06-cv-22315, 2009 WL 855970 (S.D. Fla. Mar. 31, 2009) (finding discounted hourly rates at premier law firm in Southern Florida of $300-475 for partners and $185-310 for associates reasonable).[2]

### B.    The Proposed Time Charges Are Reasonable.

The legal standard requires only the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (emphasis omitted).

Merrill Lynch's counsel spent over 130 hours working on the motion to vacate and cross-petition to confirm the arbitration award and believes that a motion could fairly be made to recover costs for all of those hours.  However, Merrill Lynch does not seek to do so.  Instead, Merrill Lynch proposes that the Court recognize that Celasco's filing of the motion to vacate made it *unavoidable* that Merrill Lynch would incur charges for legal services.  Accordingly,

---

[2] *See also* American Bar Association, "Top Partner Billing Rate in South Florida" (Oct. 14, 2009) (discussing how, as of ten years ago, South Florida partners typically charged "$400 to $500 an hour, while hourly rates for associates in the region generally range[d] from $140 to $460"), http://www.abajournal.com/news/article/top_partner_billing_rate_in_south_florida_is_765_an_hour.

Merrill Lynch seeks reimbursement for *only the most essential tasks* undertaken by its counsel in opposing the motion to vacate.  Thus, for example, Merrill Lynch does not ask for reimbursement of its costs to remove this case to federal court, even though it was entitled to remove the case.  Similarly, Merrill Lynch seeks reimbursement only for time billed by the two attorneys who worked most heavily on the opposition to the motion to vacate, and not for local counsel support or for consultation with the lead trial counsel in the arbitration.

The total time billed by the two attorneys most involved in the critical tasks required to oppose the motion to vacate was seventy-eight hours.  Merrill Lynch respectfully requests that the Court award it $350 times seventy-eight hours, or $27,300, in recognition of the fact that legal costs of at least that amount were made unavoidable by Celasco's decision to file and pursue the motion to vacate.

### III.    MERRILL LYNCH IS ENTITLED TO RECOVER COSTS INCURRED IN OPPOSING THE MOTION TO VACATE.

Under Florida law, the prevailing party in either a motion to vacate or motion to confirm proceeding can recover costs incurred in connection with the proceeding.  *See* RFAC § 682.15(3).  The Eleventh Circuit has held that transcript and photocopying costs are generally recoverable as long as they were necessarily obtained for use in the case.  *See, e.g.*, *Zunde v. International Paper Co.*, No. 3:98CV439-J-20B, 2000 WL 1763843, at *6 (M.D. Fla. July 20, 2000).

Merrill Lynch seeks only to recover the costs associated in preparing the transcripts used in defending the unsubstantiated allegations in the motion to vacate, including preparing the transcript used to show that Celasco had expressly assented to the arbitration panel's composition at the start of the hearing, *see* D.E. 9-1 at Exhibit 14, as well as preparing the

7

transcript used to show that Celasco was satisfied and reserved no objections at the close of the hearing, *see* D.E. 33-1 at Exhibit 2.

## IV.    ADDITIONAL INFORMATION PURSUANT TO LOCAL RULE 7.3.

Merrill Lynch seeks reimbursement only for time billed by the two attorneys who worked most heavily on the opposition to the motion to vacate: Jeff Goldman and Daniel J. Ball of the law firm Morgan, Lewis & Bockius LLP.  Attached as **Exhibit A** are the firm biographies for Mr. Goldman and Mr. Ball, which outline their respective experiences and qualifications.

Consistent with Local Rule 7.3, Merrill Lynch sets forth in **Exhibit B** the number of hours reasonably expended by Mr. Goldman and Mr. Ball for which Merrill Lynch seeks reimbursement and a description of the tasks performed during those hours.  Exhibit B also shows the actual charges to Merrill Lynch for these tasks under its negotiated, discounted fee arrangement with Morgan Lewis.  However, in this motion, Merrill Lynch is asking the Court to assume a lower fee of $350 per hour in computing the amount to be paid by Celasco.

Merrill Lynch also seeks reimbursement of the cost to engage a court reporting service to transcribe two portions of the arbitration record, as required to prepare two exhibits used in opposing the motion to vacate.  The summary of costs incurred is attached as **Exhibit C** and the invoices for these costs are attached as **Exhibit D**.

In a good faith effort to resolve the issues presented in this motion by agreement, counsel for Merrill Lynch yesterday provided a copy of the memorandum in support of its motion for attorneys' fees and costs to counsel for Celasco and offered to confer concerning its request. Counsel for Celasco responded that Celasco would be opposing this motion.

## CONCLUSION

For the foregoing reasons, the Court should require Celasco to reimburse Merrill Lynch

for a $27,300 portion of its attorney fees and costs of $669.64, which Merrill Lynch unavoidably

incurred as a result of Celasco's decision to file and pursue his motion to vacate.

Dated: September 13, 2019                    Respectfully submitted,

*/s/ Robert M. Brochin*
Robert M. Brochin
Florida Bar No. 319661
Email:  bobby.brochin@morganlewis.com
Sagiv Y. Edelman
Florida Bar No. 126440
Email:  sagiv.edelman@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Telephone: 305.415.3330
Facsimile: 877.432.9652

Jeff Goldman (*pro hac vice*)
Email: jeff.goldman@morganlewis.com
Daniel Ball (*pro hac vice*)
Email: daniel.ball@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Telephone: 617-951-8941

*Counsel for Merrill Lynch and John A. Flasco*

9

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on September 13, 2019, I electronically filed the foregoing

document through the electronic filing system and served a true and correct copy of the

foregoing by e-mail on all counsel of record on the attached service list.

<u>*/s/ Robert M. Brochin*</u><br>
Robert M. Brochin

<u>**SERVICE LIST**</u>

Matthew L. Jones
JONES & ADAMS. P.A.
999 Ponce de Leon Blvd., Suite 925
Coral Gables, FL 33134
305-270-8858
*Counsel for Petitioners / Cross-Respondents*