UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20818-CIV-UNGARO/O'SULLIVAN

OSCAR ROBERTO CELASCO,
GSSC SP, GSSC HOLDINGS LTD.,
CENTRICA INVTESTMENT CAPITAL, INC.,
MESOAMERICA ACRE FARMS, INC. and
G.S.S. CAPITAL GROUP LTD.,

      Petitioners / Cross-Respondents,

WESTWOOD HOLDING INC.,

      Nominal Petitioner,

v.

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED,

      Respondent / Cross-Petitioner.

JOHN A. FLASCO,

      Cross-Petitioner
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Merrill Lynch's Motion for Attorneys' Fees and Costs and Incorporated Memorandum of Law in Support Thereof (DE# 39, 9/13/19). This matter was referred to the undersigned by the Honorable Ursula Ungaro pursuant to 28 U.S.C. § 636(b) for a report and recommendation. See Order (DE# 40, 9/16/19). Having reviewed the applicable filings and the law, the undersigned respectfully RECOMMENDS that Merrill Lynch's Motion for Attorneys' Fees and Costs and Incorporated Memorandum of Law in Support Thereof (DE# 39, 9/13/19) be **GRANTED in part and DENIED in part** for the reasons stated herein.

## BACKGROUND

On September 13, 2019, the respondent/cross-petitioner, Merrill Lynch, Pierce, Fenner & Smith Incorporated (hereinafter "Merrill Lynch"), filed Merrill Lynch's Motion for Attorneys' Fees and Costs and Incorporated Memorandum of Law in Support Thereof (DE# 39, 9/13/19) (hereinafter "Motion"). The petitioners/cross-respondents, Oscar Roberto Celasco, GSSC SP, GSSC Holdings Ltd., Mesoamerica Acre Farms Inc., Centrica Invt. Capital Inc., G.S.S. Capital Group Ltd. and Westwood Holding Inc. (collectively, "Celasco"), filed a response in opposition on September 27, 2019. See Petitioners/Cross-Respondents Response in Opposition to Merrill Lynch's Motion for Attorneys Fees and Costs and Incorporated Memorandum of Law in Support Thereof (DE 39) (DE# 41, 9/27/19) (hereinafter "Response"). On the same day, Merrill Lynch filed its reply. See Merrill Lynch's Reply Brief in Further Support of Its Motion for Attorneys' Fees and Costs (DE# 41, 9/27/19) (hereinafter "Reply").

This matter is ripe for adjudication.

## ANALYSIS

Merrill Lynch seeks to recover $27,300.00 in attorney's fees and $669.64 in costs pursuant to the Revised Florida Arbitration Code (hereinafter "RFAC"). Motion at 4-5.[1] Celasco argues that Merrill Lynch should not recover any attorney's fees or costs because the RFAC is inapplicable to the instant case and the Federal Arbitration Act ("FAA") does not provide for attorney's fees. Response at 2-3. Celasco further argues

---

[1] Some of the documents filed by the parties contain multiple page numbers. To avoid confusion and for the sake of consistency, the undersigned will cite to the page numbers automatically assigned by the Court's CM/ECF system appearing at the top right-hand corner of each page.

that even if the RFAC applies, the instant Motion should be denied in its entirety because Merrill Lynch failed to comply with its obligations under Local Rule 7.3(b) of the Southern District of Florida. Id. at 4-6. Lastly, Celasco argues that the amount of fees sought by Merrill Lynch is excessive and should be reduced by the Court. Id. at 6-11. The undersigned will address these arguments below.

**A.     Entitlement**

**1.     Applicability of the RFAC**

Merrill Lynch seeks to recover attorney's fees and costs pursuant to the RFAC. Motion at 4. Section 682.15(3) of the RFAC states that:

> On motion of a prevailing party to a contested judicial proceeding under s. 682.12, s. 682.13, or s. 682.14, the court may add reasonable attorney fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

Fla. Stat. § 682.15(3).

Celasco argues that the RFAC is inapplicable because this case is governed by the FAA and the FAA does not permit a fee award. Response at 2-3. Celasco acknowledges that Merrill Lynch has cited a federal case which awarded attorney's fees pursuant to section 682.15(3), RONCO Consulting Corp. v. Leading Edge Ventures, LLC, No. PWG-17-305, 2018 WL 4095474, at *1 (D. Md. Aug. 28, 2018). Response at 3. Nonetheless, Celasco argues that RONCO Consulting Corp. is distinguishable from the instant case because in RONCO Consulting Corp., the parties agreed that Florida law applied. Id.

The undersigned is not persuaded by Celasco's argument. The undersigned notes that the instant case was initially filed by Celasco in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami- Dade County, Florida. See Application and

3

Motion to Vacate Arbitration Award (DE# 1-2, 3/1/19). In Celasco's own application and motion to vacate, Celasco states that the application and motion to vacate was filed "pursuant to the Federal Arbitration Act, 9 USC § 10 ('FAA') *and Florida Statute § 682.01, et. seq.*" Id. at 1 (emphasis added). This is not a misplaced or fleeting reference to the Florida Arbitration Code. The Florida Arbitration Code is invoked throughout Celasco's application and motion to vacate. Id. at ¶10 ("This Court has jurisdiction over Respondent pursuant to § 682.19, Fla. Stat."); ¶11 ("Venue is proper in this Court pursuant to § 682.19, Fla. Stat."); ¶12 ("this Application and Motion is timely filed pursuant to § 682.13(2) Fla. Stat."); ¶30 ("This Court has the authority to vacate the defective arbitration award rendered by the arbitration panel pursuant to 9 USC § 10(a)(4) and Fla. Stat. § 682.13."). Thus, Celasco cannot now argue that "it would be improper for this court to apply Florida law." Response at 3. Moreover, as one court has noted, "[w]hile the FAA does not authorize a district court to award attorneys' fees to a party who successfully confirmed an arbitration award in federal court, . . . it also does not displace State law allowing for such awards." Astanza Design, LLC v. Giemme Stile, S.p.A., 220 F. Supp. 3d 641, 652 (M.D.N.C. 2016).

Based on the foregoing, the undersigned concludes that the RFAC applies to the instant case.

### 2.    Awarding Attorney's Fees under the RFAC

Although the RFAC gives the Court discretion to award attorney's fees incurred in a proceeding to confirm or vacate an arbitration award, the text of section 682.15(3) does not delineate any factors or circumstances under which the Court's discretion should be exercised.

4

Merrill Lynch argues that "Celasco's motion to vacate the arbitration award was precisely the type of 'doomed' motion to vacate that the [Uniform Arbitration Act] and RFAC intended to discourage." Motion at 6. Specifically, Merrill Lynch argues that Celasco's motion to vacate the arbitration award was not supported by the law or the factual record. Id. at 8. Merrill Lynch notes that Celasco's motion to vacate the arbitration award did not cite any supporting cases and failed to distinguish a case in which "identical objections concerning the very same arbitrator" were raised. Id. at 7. Merrill Lynch further notes that Celasco failed to cite to the record of the arbitration hearing wherein Celasco expressly agreed to the panel's composition and raised an argument – that "the arbitration panel chair had failed to allow objections at the close of the hearing" – that was contradicted by the arbitration hearing transcript. Id.

The undersigned finds that an award of attorney's fees and costs pursuant to section 682.15(3) of the Florida Statutes is merited. The arguments raised in Celasco's motion to vacate the arbitration award were weak. "Celasco [did] not identif[y] any FINRA Rule or contractual provision which would have required [the arbitrator]'s removal from the arbitration panel once [the arbitrator] was reclassified as a non-public arbitrator." Report and Recommendation (DE# 35 at 17, 8/9/19). Moreover, "Celasco waived any right to object to the composition of the arbitration panel by failing to raise the objection during the arbitration proceedings and continuing to participate in those proceedings." Id. at 15.

In RONCO Consulting Corp., the district court found that reasonable attorney's fees under the RFAC were warranted where the non-prevailing party's challenge to the confirmation proceedings "was not a strong one because it was untimely" and that

5

party's "litigation undermined the very function of arbitration (mainly the speedy and efficient resolution of disputes) . . . and needlessly and expensively protracted the resolution of their dispute." 2018 WL 4095474, at *2. Similar here, the Court should find that reasonable attorney's fees and costs are merited under section 682.15(3) of the Florida Statutes because the arguments raised by Celasco in support of the motion to vacate the arbitration award were weak and needlessly protracted the proceedings.

### 3.      Compliance with Local Rule 7.3

Even when a movant is otherwise entitled to an award of attorney's fees, the District Court may nonetheless deny the motion based on the movant's non-compliance with Local Rule 7.3. See, e.g., Norych v. Admiral Ins. Co., No. 08-60330-CIV-ALTONAGA, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (denying fee request where movant "failed to comply with Local Rules 7.3(a)(1) and 7.3(b)").

Local Rule 7.3 states, in pertinent part as follows:

> **(a) Motions for Attorneys' Fees and/or Non-Taxable Expenses and Costs**. This rule provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement**. A motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed**. The motion shall:
>
> ***
>
> > **(8) certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount.**
>
> ***
>
> **(b) Good Faith Effort to Resolve Issues by Agreement**. Except as to any aspect of a fee claim upon which the parties agree, **a draft motion**

6

> **compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule. Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920.** The respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. If a federal statute provides a deadline of fewer than sixty (60) days for a motion governed by Local Rule 7.3(a), the parties need not comply with this paragraph's requirements.

S.D. Fla. L.R. 7.3(a)-(b) (emphasis added).

The Eleventh Circuit has explained that "the time limit set out in local rule 7.3 is an 'order of the court.'" Tire Kingdom, Inc. V. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001). Compliance with Local Rule 7.3 is not optional and futility will not excuse a party from complying with its obligations. Norych, 2010 WL 2557502, at *2. (noting that "Local Rule 7.3 would be undermined if a party did not have to serve a draft motion simply because it believed or understood the motion would be opposed.").

Celasco argues that the instant Motion does not comply with Local Rule 7.3 because it: "fails to identify the judgment or order which gives rise to [the] Motion, fails to disclose the terms of any applicable fee agreement, fails to appropriately identify the experience and qualifications for each timekeeper for whom fees and sought, and was not verified." Response at 4. Celasco further notes that "Merrill Lynch's counsel does not certify (again, as required) that they actually conferred with [Celasco's] counsel or attempted in good faith to agree on entitlement and the amount of fees and non-taxable expenses." Id. at 5.

7

Merrill Lynch states in its motion that:

> In a good faith effort to resolve the issues presented in this motion by agreement, **counsel for Merrill Lynch yesterday provided a copy of the memorandum in support of its motion for attorneys' fees and costs to counsel for Celasco and offered to confer concerning its request**. Counsel for Celasco responded that Celasco would be opposing this motion.

Motion at 11 (emphasis added). In its reply, Merrill Lynch states that it "complied with Rule 7.3 to the extent possible" and that "this record provides no suggestion that Celasco was interested in a negotiated resolution." Reply at 4, 5.

The undersigned finds that emailing a draft of the fees motion one day before the filing date and stating "[w]e would be happy to talk *if it would be productive*,"[2] does not satisfy Merrill Lynch's conferral obligations under Local Rule 7.3. On the other hand, Celasco responded less than twenty minutes later stating, "[w]e will be opposing this request." Id. The undersigned finds that based on this record and notwithstanding the non-compliance with the conferral obligations of Local Rule 7.3, the Court should exercise its discretion and decide the instant Motion on the merits. See Kowalski v. Jackson Nat. Life Ins. Co., No. 12-60597-CIV, 2014 WL 4101567, at *4 (S.D. Fla. Aug. 20, 2014) (considering merits of motion despite non-compliance with Local Rule 7.3). Here, Celasco has not identified any prejudice based on the non-conferral and it does not appear from the email exchange that Celasco's counsel was eager to confer. See September 12, 2019 Email Exchange (DE# 42-1, 10/4/19).

Based on the foregoing, the Court should exercise its discretion and consider the merits of the instant Motion.

---

[2] September 12, 2019 Email (DE# 42-1, 10/4/19) (emphasis added).

**B.      Amount**

Having determined that Merrill Lynch is entitled to attorney's fees and costs under the FRAC, the Court must next determine a reasonable award.

**1.      Reasonable Attorney's Fees**

**a.      Hourly Rate**

Although other attorneys worked on the case, Merrill Lynch seeks to recover only those hours expended "by the two attorneys who worked most heavily on the opposition to the motion to vacate": Jeff Goldman and Daniel J. Ball. Motion at 11. Merrill Lynch seeks a "discounted, blended" hourly rate of $350.00 per hour for its two attorney timekeepers. Id. at 9. Celasco does not object to the hourly rate sought.

The Court is an expert on the question of reasonable attorney rates "and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)). The undersigned has reviewed the firm biographies of Mr. Goldman and Mr. Ball, submitted as attachments to the instant Motion, and considered the quality of the work product produced in the instant case, and finds that an hourly rate of $350.00 is reasonable.

Accordingly, the undersigned will recommend that Merrill Lynch recover attorney's fees at the reasonable hourly rate of $350.00.

**b.      Hours Reasonably Expended**

Merrill Lynch states that it has expended over 130 hours in the instant case. Motion at 9. Nonetheless, Merrill Lynch states that it is only seeking to recover fees for

those tasks that "were unavoidable in opposing [the] motion to vacate." Id. at 8. Thus,

Merrill Lynch has limited its fee request to 78 hours of attorney time. Id. at 10.[3]

Celasco objects to the number of hours sought by Merrill Lynch as excessive.

Response at 7, 10. Celasco groups Merrill Lynch's time entries into the following

categories:

| Task | Total Hours | Amount |
|------|-------------|--------|
| Opposition to Petition to Vacate and Cross-Petition to Confirm Arbitration Award (DE# 9, 3/8/19) | 28.4 | $9,940.00 |
| Cross-Petitioners' Motion for Summary Judgment and Incorporated Memorandum of Law (DE# 28, 5/28/19) | 14.8 | $5,180.00 |
| Memorandum of Law in Opposition to Celasco's Motion for Summary Judgment (DE# 30, 6/11/19) | 18.5 | $6,475.00 |
| Cross-Petitioners' Reply Memorandum of Law in Further Support of Its Motion for Summary Judgment (DE# 33, 6/18/19) | 9.6 | $3,360.00 |
| **Total**: | 71.3[4] | $24,955 |

Response at 7-10.

Celasco argues that "Merrill Lynch's billing entries fail to demonstrate that the full

amount sought is warranted or reasonable, particularly given the number of hours spent

on the fairly routine tasks associated with these proceedings" and "that Merrill Lynch

---

[3] Merrill Lynch has limited the number of attorney hours it seeks to recover, in part, by omitting the tasks performed by local counsel, the attorney time for consulting with the lead arbitration counsel and the amounts billed for removing the case to federal court. Motion at 10.

[4] Celasco does not raise any specific objections to the remaining 6.7 hours (78 hours minus 71.3), other than generally stating that the hours sought by Merrill Lynch are not reasonable. Response at 7.

incorporates, almost wholesale entire arguments and pages throughout each of these documents for which they have sought attorneys fees and costs." Response at 7, 10. Celasco further notes that "[s]ome of the attorneys fees Merrill Lynch is seeking" would have been incurred anyway "because Merrill Lynch was required to seek confirmation of the Award." Id. at 10.

The undersigned has carefully reviewed the billing records submitted by Merrill Lynch and the corresponding documents filed with the Court. The undersigned is mindful that Merrill Lynch has already limited its fee request to work performed by the two primary attorneys and that Merrill Lynch has chosen not to seek a fee award for some of the work performed on the file such as conferring with lead arbitration counsel and removing the case to federal court. Nonetheless, additional reductions are warranted to account for excessive time spent on certain tasks. For instance, Merrill Lynch's counsel billed 28.4 hours of attorney time for work related to the Opposition to Petition to Vacate and Cross-Petition to Confirm Arbitration Award (DE# 9, 3/8/19). The document is eight pages (two of which consist of a cover page, part of a signature block and the certificate of service) and a three-page declaration for attorney Daniel Jeff Goldman. Mr. Goldman's declaration simply lists the 16 exhibits attached to the document and states that they are "true and correct cop[ies]," (DE# 9-1, 3/8/19), yet counsel for Merrill Lynch billed a total of 1.8 hours for drafting Mr. Goldman's declaration and preparing the exhibits. See Exhibit A (DE# 39-2 at 2, 9/13/20). Similarly, Merrill Lynch seeks to recover 9.6 hours for work concerning the Cross-Petitioners' Reply Memorandum of Law in Further Support of Its Motion for Summary Judgment

(DE# 33, 6/18/19). The document is four pages, reiterates many of the same arguments previously raised in Merrill Lynch's prior filings and cites no new authority.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). "[T]he district court is to apply either method, not both." Id. at 1351. For the reasons discussed above, a twenty percent reduction (in addition to the reductions already taken by Merrill Lynch prior to filing its Motion) is warranted to account for excessive attorney time spent on certain tasks.

Accordingly, the undersigned will recommend that Merrill Lynch be permitted to recover **$21,840.00** ($27,300.00 minus twenty percent) in attorney's fees.

### 2. Costs

Merrill Lynch seeks to recover $669.64 in costs and states that this amount represents only those costs associated with preparing the transcripts of the arbitration hearing. Motion at 10-11. Merrill Lynch has submitted two invoices[5] in support of these costs and explained that the transcripts were necessarily obtained "to show that Celasco had expressly assented to the arbitration panel's composition at the start of the hearing" and "was satisfied and reserved no objections at the close of the hearing." Id. at 10-11. Celasco does not directly address Merrill Lynch's request for costs other than to generally state that the Court may not award non-taxable costs under the FAA. Response at 2.

---

[5] See Exhibit D (DE# 39-4).

The undersigned finds that the costs of obtaining the arbitration hearing transcripts were necessarily incurred for use in the instant proceedings. Nonetheless, some of the items listed in the invoices were incurred for the convenience of counsel – expedited charges, transcript archiving, electronic file formats, shipping and handling – and should be excluded. <u>See</u> Exhibit D (DE# 39-4). These "convenience charges" total $169.64. Excluding these "convenience charges" is consistent with the text of section 682.15(3) which provides for the recovery of "*reasonable* expenses of litigation incurred in a judicial proceeding." Fla. Stat. § 682.15(3) (emphasis added).

Accordingly, the undersigned will recommend that Merrill Lynch be permitted to recover **$500.00** ($669.64 minus $169.64) in costs.

## CONCLUSION

The undersigned finds that Merrill Lynch is entitled to reasonable attorney's fees and costs pursuant to section § 682.15(3) of the Florida Statutes. For the reasons discussed above, Merrill Lynch should recover $21,840.00 in attorney's fees and $500.00 in costs.

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Merrill Lynch's Motion for Attorneys' Fees and Costs and Incorporated Memorandum of Law in Support Thereof (DE# 39, 9/13/19) be **GRANTED in part and DENIED in part**. The Court should enter an Order awarding Merrill Lynch a total of **$22,340.00** ($21,840.00 in attorney's fees and $500.00 in costs).

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the

Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusion contained in this Report except upon grounds of plain error if necessary in the interest of justice. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **20th** day of March, 2020.

_____

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

14